IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Brown,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br><br><br>　　　　　　　　Defendant. | C/A No.: 0:25-cv-01079-SAL-PJG<br><br><br><br>**ORDER** |

  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett ("Report"). [ECF No. 12.] Plaintiff Antonio Brown, a federal inmate proceeding *pro se*, asks the Court to declare that the residual clause of 18 U.S.C. § 3559(c)(2)(F) is unconstitutionally vague. The Report recommends summary dismissal for failure to state a claim, concluding that Plaintiff lacks standing and, in the alternative, that his claim must be filed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF. No. 12 at 3–4.] Plaintiff objects. For the reasons that follow, the court overrules Plaintiff's objections and adopts the Report of the magistrate judge.

### STANDARD OF REVIEW

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo

1

review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report summarizes the relevant facts and standards of law, and the court incorporates that discussion without a full recitation here. The magistrate judge recommends summary dismissal because Plaintiff fails to allege sufficient facts to establish standing.[1] The court agrees.

---

[1] The Report also correctly notes that Plaintiff's Complaint is subject to summary dismissal for failure to comply with a court order. [ECF No. 12 at 1 n. 1 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).]

2

Although Plaintiff, as a pro se litigant, is entitled to have his complaint liberally construed by the court, Plaintiff fails to allege sufficient facts to establish standing to challenge the constitutionality of 18 U.S.C. § 3559(c)(2)(F). Article III limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. This requires "plaintiffs [to] establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (internal quotation marks omitted). To establish standing, the plaintiff must allege an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Id.* at 409 (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). Analysis of standing is "especially rigorous when reaching the merits of the dispute would force [the court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Id.* at 408.

Here, Plaintiff has failed to plead sufficient facts showing that he has suffered a concrete and particularized injury. Plaintiff makes no allegations that the statute he seeks to challenge has been applied to him at all, much less that the statute has caused him "concrete, particularized" harm. *Id.* at 409. Nor does Plaintiff identify any specific instances of Defendant's conduct that has or could have caused him an injury. As such, Plaintiff has failed to satisfy the threshold requirement of standing.

Plaintiff objects to the Report because he "is not seeking individual relief, he seeks this Court to ask a federal question." [ECF No. 17 at 2.] Article III, however, requires an individual claim for relief. *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 170 (1803) ("The province of the court is, solely, to decide on the rights of individuals."). Plaintiff additionally asserts that he "has standing because he has protection of the U.S. Constitution and to have the laws of Congress properly interpreted [sic] . . . ." [ECF No. 2 at 2.] But this is precisely the sort of generalized

grievance that the "Cases" and "Controversies" requirement of Article III does not countenance. Plaintiff here "claim[s] only harm to his and every citizen's interest in proper application of the Constitution and laws," and thus "does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992). Plaintiff's objections are therefore overruled.

Plaintiff makes no objections to the portion of the Report recommending summary dismissal for failure to properly file his claim as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Finding no clear error, the court adopts the magistrate judge's reasoning as to the required method of filing Plaintiff's claim.

## CONCLUSION

After a de novo review of the Report, the applicable law, and the record of this case, the court finds it is without subject matter jurisdiction to decide this case. This court thus adopts and incorporates the magistrate judge's Report. [ECF No. 12.] Accordingly, the complaint is **SUMMARILY DISMISSED** without prejudice and without requiring Defendant to file an answer or return. Plaintiff's motion for leave to proceed in forma pauperis is also terminated as **MOOT**.

**IT IS SO ORDERED.**

October 15, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge